SMITH-BRIDGMAN & COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21357. Promulgated February 5, 1951.

*N. Barr Miller, Esq.*, for the petitioner.
*A. J. Friedman, Esq.*, for the respondent.

290

OPINION.

Leech, *Judge:* The first issue involves the propriety of respondent's action in adding to the income of petitioner in the taxable year the amount of $5,865.50, as interest income.

It is the respondent's position that in order to reflect clearly the income of petitioner pursuant to section 45 of the Internal Revenue Code[1] he has allocated to petitioner the amount of $5,865.50 of

[1] SEC. 45. ALLOCATION OF INCOME AND DEDUCTIONS.

In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income or deductions between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any such organizations, trades, or businesses.

the income of Continental Department Stores, Inc., the parent corporation.

It is the contention of petitioner that the respondent has merely created fictitious interest income where none in fact existed, that section 45 confers no such authority, and the action of the respondent is arbitrary and capricious.

Petitioner is the wholly owned subsidiary of Continental, which had outstanding debenture bonds in the face amount of $238,000. In 1942 Continental borrowed from petitioner the sum of $104,500, for which amount it delivered to petitioner its non-interest-bearing demand note. Continental thereupon redeemed $100,000 face value of its debentures. Similarly, in the taxable year ended January 31, 1944, here involved, Continental borrowed from petitioner the further sum of $143,274.50, for which amount Continental delivered to petitioner its non-interest-bearing demand note. Continental thereupon retired the remaining outstanding debenture bonds in the face amount of $138,000. The debenture bonds were all redeemable at 102 per cent of par value plus interest accrued to date of redemption.

Purporting to act under the authority of section 45 of the Internal Revenue Code, the respondent, in the taxable year involved, has added the sum of $5,865.50 to petitioner's income, repesenting a 4 per cent charge against Continental on the aforementioned non-interest-bearing demand loans.

In support of his action the respondent argues that Continental, in securing these non-interest-bearing loans from petitioner, was enabled to relieve itself from paying interest on its outstanding debentures; and, furthermore, he argues, petitioner could have loaned the funds which Continental borrowed without interest to third parties at 4 per cent interest. Therefore, in order to prevent evasion of taxes and to clearly reflect the income of such related businesses, he has "allocated" to petitioner part of the income of its parent, in the exercise of the discretion conferred by section 45 of the code. The decisions involving section 45 make it clear that its principal purpose is to prevent the manipulation of or improper shifting of gross income and deductions between two or more organizations, trades, or businesses. Its application is predicated on the existence of income. The courts have consistently refused to interpret section 45 as authorizing the creation of income out of a transaction where no income was realized by any of the commonly controlled businesses. *Tennessee-Arkansas Gravel Co.* v. *Commissioner*, 112 Fed. (2d) 508; *E. C. Laster*, 43 B. T. A. 159, modified on other issues, 128 Fed. (2d) 4; *Epsen-Lithographers, Inc.* v. *O'Malley*, 67 Fed. Supp. 181; cf. *Hugh Smith, Inc.*, 8 T. C. 660, affd., 173 Fed. (2d) 224, certiorari denied, 337 U. S. 918.

We regard these authorities apposite and controlling here. We think this record clearly establishes that the respondent has not dis-

tributed, apportioned, or allocated gross income, but has created or attributed income where none in fact existed.

That the respondent did not "allocate" gross income of Continental to petitioner is apparent, since the record shows that he made no adjustment to the income or deductions of Continental. He argues that no such adjustment was required, since Continental in its taxable year ended January 31, 1944, had no net income. Such argument overlooks the established fact that Continental in the taxable year 1945 did have net income against which it could have applied the additional net operating loss carry-over. While we do not have the tax liability of Continental before us, we think the above facts support the petitioner's contention that the respondent has created rather than allocated gross income.

The respondent contends that his action finds support in such authorities as *Asiatic Petroleum Co., Ltd.*, 13 B. T. A. 1152, affd., 79 Fed. (2d) 234, certiorari denied, 296 U. S. 645; *G. U. R. Co.* v. *Commissioner*, 117 Fed. (2d) 187, affirming 41 B. T. A. 223; *National Securities Corp.*, 137 Fed. (2d) 600, affirming 46 B. T. A. 562; *Welworth Realty Co.*, 40 B. T. A. 97. An examination of these cases discloses that each involved either the distribution, apportionment, or allocation of income or actual deductions of related businesses, thus distinguishing them from the instant case.

We, therefore, hold that the respondent's action in adding the sum of $5,865.50 to the income of petitioner in the taxable year involved, not being authorized by section 45 of the code, is arbitrary and unwarranted.

The second issue involves the question whether petitioner is entitled to a deduction of the sum of $3,000 paid in the taxable year to Continental for management services actually rendered to petitioner in such year.

The respondent disallowed the claimed deduction on the ground that it had not been established that the amount was a proper expense of operation for such taxable year.

The record shows that petitioner sought and secured almost daily advice on various management and policy matters affecting the operations of its business from certain executive officers of Continental. Similar services were rendered to Continental's other subsidiary, J. W. Knapp Co. The evidence shows that Continental incurred expenses in connection with the furnishing of such services and advice in an amount in excess of $7,000. Continental charged its two subsidiaries a total of $5,000 of such expenses, allocating $2,000 to J. W. Knapp Co. and the sum of $3,000 to petitioner. This latter amount was paid by petitioner in the taxable year, which amount it claimed as a deduction as an ordinary and necessary business expense. The record satisfies us that petitioner availed itself of such services and that they were di-

rectly related to the operation of its business. The respondent makes no argument that the method of allocating the expenses incurred by Continental or that the amount charged petitioner by Continental was unreasonable. His position is that since Mr. Krave, whose duties for Continental included the management services to petitioner, received $1,100 directly from petitioner and $900 from the J. W. Knapp Co. for services as vice-president and director of those respective companies, no part of the $5,500 paid him by Continental should be charged against the subsidiaries. We think the small amount paid directly to Krave by petitioner was not paid for the services rendered petitioner by Krave as an officer of Continental, but rather for his services as vice-president and director of petitioner. Therefore we conclude that the sum of $3,000 paid to Continental by petitioner in the taxable year involved for management services and advice constituted an ordinary and necessary expense of petitioner's business and is an allowable deduction under section 23 (a) (1) (A) of the Internal Revenue Code.

The final issue involves the propriety of respondent's action in disallowing as deductions in the taxable year involved a part of the payments made by petitioner to the Chamber of Commerce of Flint, Michigan, and the United States Chamber of Commerce, as ordinary and necessary expenses.

In our findings of fact we have set forth in some detail the purposes and aims of these respective organizations receiving the payments. We have found that the payments were motivated by and with reasonable expectations that the business of petitioner would be advanced. Hence they constitute ordinary and necessary expenses of its business. *Hirsch-Weis Mfg. Co.*, 14 B. T. A. 796; *Emery, Bird, Thayer Dry Goods Co.*, 20 B. T. A. 796; *A. L. Killian Co.*, 44 B. T. A. 169, affd., 128 Fed. (2d) 433, on other issues. The respondent relies wholly on I. T. 2375, which we think is clearly inapplicable.

Other adjustments made by respondent are not contested; therefore

*Decision will be entered under Rule 50.*